THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>  v.<br><br>ATAKILTE BERHANE,<br><br>            Defendant. | CASE NO. CR20-0033-JCC<br><br>ORDER |

This matter comes before the Court on the Government's motion to strike the trial date and to set a status conference (Dkt. No. 74). Defendant does not oppose the motion. (*See* Dkt. No. 76 at 1.)

On March 17, 2020, Chief Judge Ricardo S. Martinez issued General Order 02-20 to address the impact of COVID-19 on the Western District of Washington's operations. The order continued all criminal trial dates scheduled to occur before June 1, 2020. W.D. Wash., General Order 02-20 § 2 (Mar. 17, 2020). The order further found that:

> With regard to criminal matters, due to the Court's reduced ability to obtain an adequate spectrum of jurors and the effect of the above public health recommendations on the availability of witnesses, counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this General Order will be excluded under the Speedy Trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and any defendant's right to a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A). For the same reasons, the Court finds under

18 U.S.C. § 3060(C) extraordinary circumstances exist, and justice requires delay of all criminal preliminary hearings during the time period of the continuances implemented by this order.

*Id.* at § 4; *see* W.D. Wash., General Order 11-20 (July 30, 2020) (continuing all criminal trial scheduled to occur before September 8, 2020).

Having thoroughly considered the Government's motion and the Court's general orders, the Court hereby FINDS as follows:

1. For the reasons set forth in the Government's motion and General Orders 02-20 and 11-20, the ends of justice served by granting a continuance outweigh the best interests of the public and Defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A); and

2. Failure to grant a continuance would likely make trial impossible, result in a miscarriage of justice, and deny counsel for Defendant and the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, 18 U.S.C. § 3161(h)(7)(B)(i), (B)(iv).

For the foregoing reasons, the Court GRANTS the Government's motion (Dkt. No. 74). The Court VACATES the current trial date of August 3, 2020, and ORDERS the parties to attend a status conference on September 8, 2020, at 10:00 a.m., at which the parties must propose a new trial date. The Court further ORDERS that the time between the date of this order and the status conference is excludable time under the Speedy Trial Act, pursuant to 18 U.S.C. §§ 3161(h)(7)(A), 3161(h)(7)(B)(ii), and 3161(h)(7)(B)(iv).

DATED this 31st day of July 2020.

John C. Coughenour
UNITED STATES DISTRICT JUDGE